UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WILLIAM DARDANELLI,

          Plaintiff,

    v.

CSX TRANSPORTATION, INC.,

          Defendant
----------------------------------------------------------------------X

1:23-cv-254 (GTS/CFH)

<u>COMPLAINT</u>

JURY TRIAL REQUESTED

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

**THE PARTIES**

1. The plaintiff is a resident of the State of New York, County of Albany, and City of Albany.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to May 1, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to May 1, 2020 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Selkirk Yard, Albany, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. Beginning on May 1, 2020, the plaintiff was working as a maintainer at the direction and training of defendant, when plaintiff began performing F4 retarder maintenance work in Selkirk Yard.

11. The F4 retarder maintenance work required the plaintiff to use a battery-operated impact wrench as part of the continuous repetitive removal and installation of bolts throughout the workday.

12. Due to the placement of the bolts and the shape of the battery-operated impact wrench, the plaintiff was required to hold and operate the impact wrench in a continuous and awkward position.

13. The battery-operated impact wrenches would lose their charge and required their use over a longer period of time to complete the job.

14. The work was also assigned using insufficient manpower.

15. The work was also assigned with insufficient downtime for plaintiff's body to recover.

16. Plaintiff worked the F4 retarder maintenance job from May 1, 2020 through August 2020.

17.     During the time he worked the F4 retarder maintenance job at Selkirk Yard, the plaintiff developed pain, numbness and tingling in his right hand and wrist, and on or about August 3, 2020, the plaintiff was diagnosed with carpal tunnel syndrome due to his work.

18.     Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical and economic harms.

19.     Plaintiff's injuries include, but are not limited to, Right Hand Carpal Tunnel Syndrome requiring surgery.

## COUNT I
## Violation of FELA

20.     The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

21.     This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

22.     From on or about May 1, 2020 through August 2020, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Maintainer, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to perform ergonomic evaluations of plaintiff's work;

   c. in failing to take reasonable steps to lessen the risk of repetitive stress on hands/wrists;

   d. in assigning insufficient manpower to the tasks required of plaintiff;

   e. in failing to schedule the work in a manner to allow sufficient time for plaintiff's body to recover during the work;

f.  in failing to consider what the effects of the work assigned to plaintiff would have on plaintiff in light of the conditions and tasks assigned;

g.  in assigning too much repetitive work to plaintiff for the time allotted;

h.  in failing to provide pneumatic wrenches;

i.  in requiring plaintiff to use electric wrenches;

j.  in failing to maintain the electric wrenches;

k.  in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

23.  The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

24.  The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com